UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-199-KDB
(5:21-cr-79-KDB-DCK-1)

| JAHMEAN AQUIL GLOVER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OF |
| | ) | DECISION AND ORDER |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1], and on the United States of America's Motion to Dismiss [Doc. 6]. Also pending is a Letter that will be construed as an Addendum to the § 2255 Motion to Vacate.[1] [See 5:21-cr-79 ("CR") Doc. 48].

I.  BACKGROUND

The Petitioner was charged by with a single count of knowing possession of a stolen firearm on or about October 11, 2019, in violation of 18 U.S.C. § 922(j). [CR Doc. 1 (Bill of Information); see CR Doc. 6 (Waiver of Indictment)]. Petitioner admitted his guilt and pleaded guilty to that charge in exchange for the Government's dismissal of Case No. 5:20-cr-34-KDB-DSC-1 in which he was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [CR Doc. 2 at ¶¶ 1, 2 (Plea Agreement); see 5:20-cr-34 Doc. 1 (Bill of Indictment)].

---

[1] The Letter was opened as a Motion to Reduce in a new civil case, No. 5:24-cv-144-KDB. Because it appears that the Petitioner is attempting to raise an additional § 2255 claim, the Addendum will be addressed in the instant case and the Clerk's Office will be directed to update the docket accordingly.

The Plea Agreement sets forth the Petitioner's maximum sentencing exposure for the § 922(j) charge of 10 years' imprisonment. [Id. at ¶ 5]. The parties agreed to jointly recommend that a sentence of 120 months' imprisonment which would be sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a). [Id. at 8]. The Plea Agreement further provides that: the Court would consider the advisory U.S. Sentencing Guidelines in determining the sentence; the Court had not yet determined the sentence; any estimate of the likely sentence is a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum for each count; the Court would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. [Id. at ¶ 7].

The Plea Agreement stipulates that there is a factual basis for the guilty plea, and it states that Petitioner read and understood the Factual Basis filed with the Plea Agreement, which may be used by the Court, U.S. Probation Office, and United States without objection for any purpose. [Id. at ¶¶ 11-12]. The Plea Agreement further provides that the Factual Basis does not necessarily represent all conduct relevant to sentencing, and that the Government may submit a Statement of Relevant Conduct to the Probation Office, and present the Court with additional relevant facts for purposes of sentencing. [Id. at ¶ 12].

The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right: to withdraw the guilty plea once the Magistrate Judge has accepted it; to be tried by a jury; to be assisted by an attorney at trial; to confront and cross-examine witnesses; and not to be compelled to incriminate himself. [Id. at ¶ 15]. The Plea Agreement acknowledges that Petitioner had discussed with defense counsel his post-conviction and appellate rights, whether there are potential issues relevant to an appeal or post-conviction action, and the possible impact

of any such issue on the desirability of entering into the Plea Agreement. [Id. at ¶ 16]. Petitioner expressly waived the right to contest his conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 17]. The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." [Id. at ¶ 23].

> The Factual Basis that was filed along with the Plea Agreement provides in relevant part:
>
> The defendant, Jahmean Aquil Glover, on or about October 11, 2019, in Iredell County, North Carolina, … possessed one or more stolen firearms.
>
> The defendant possessed the stolen firearms knowingly; that is, the defendant knew the items were firearms and his possession of the firearms was voluntary and intentional.
>
> The firearms were each manufactured outside the State of North Carolina and traveled in interstate commerce at some point during their existence.
>
> The defendant knew or had reasonable cause to believe that the firearms were stolen.

[CR Doc. 3 at 1] (paragraph numbers omitted).

A Rule 11 hearing came before a magistrate judge on December 3, 2021. [CR Doc. 31]. Petitioner stated, under oath, that he is guilty of the offense of possessing one or more stolen firearms as charged in the Bill of Information, which he had received and discussed with counsel. [Id. at 3-4, 7]. The Petitioner confirmed that he understood that he could be sentenced to up to 10 years' imprisonment. [Id. at 2-5]. He agreed that he had discussed the sentencing guidelines with counsel and that he understood the joint recommendations that the parties were making in the Plea Agreement. [Id. at 8-9]. He confirmed that he understood the rights that he was waiving by pleading guilty, and he specifically acknowledged that he was waiving his appellate and post-

conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at 5-7, 11]. Petitioner admitted that there is a factual basis for the guilty plea, that he had read the Factual Basis that was filed with the Plea Agreement, and that he agrees with it. [Id. at 11-12]. He had enough time to discuss any possible defenses with counsel and he was satisfied with counsel's services, stating "I just thank her for her job." [Id. at 12]. He confirmed that he was not threatened to enter the plea agreement against his wishes, nor did anyone make him any promises of leniency or a light sentence to induce him to plead guilty. [Id.].

The Presentence Investigation Report ("PSR") calculated the base offense level as 24 because Petitioner committed the offense after sustaining two felony convictions for a crime of violence or a controlled substance offense pursuant to U.S.S.G. § 2K2.1(a)(2). [CR Doc. 16 at ¶ 18]. Two levels were added because a firearm was stolen pursuant to U.S.S.G. § 2K2.1(b)(4)(A). [Id. at ¶ 19]. Three levels were deducted for acceptance of responsibility. [Id. at ¶¶ 25-26]. The total offense level was, therefore, 23. [Id. at ¶ 27]. Petitioner was scored criminal history points for: a 1996 conviction for felony robbery with a dangerous weapon, when Petitioner was 19 years old, for which he was sentenced to 94 to 122 months' imprisonment with a release date of June 14, 2017 (Iredell County Case No. 96CRS20427); a 1996 conviction for felony robbery with a dangerous weapon, when Petitioner was 19 years old, for which he was sentenced to 103 to 133 months' imprisonment commencing on February 25, 1998 (Iredell County Case No. 96CRS20428); a 2000 conviction for felony escape from state prison that Petitioner received at the age of 23, for which he was sentenced to between 12 and 15 months' imprisonment beginning on June 14, 2017 (Iredell County Case No. 00CRS8617) [Id. at ¶¶ 32, 33, 36]. This resulted in a total of eight criminal history points and a criminal history category of IV. [Id. at ¶¶ 37-38]. The resulting advisory guideline range was between 70 and 87 months' imprisonment. [Id. at ¶ 64].

The PSR notes that the parties agreed to recommend a sentence of 120 months' imprisonment pursuant to the Plea Agreement. [Id. at ¶ 65].

A sentencing hearing came before the Court on April 5, 2022. [CR Doc. 32]. The Petitioner confirmed that he had received a copy of the PSR, read it, understood it, and had all the time that he wanted to discuss it with his attorney. [Id. at 2-3]. The parties agreed that there were no objections to the guidelines calculations and the Court adopted the PSR without change. [Id. at 6-3]. Defense counsel explained the rationale behind Petitioner's agreement to a 120-month variance sentence as follows in pertinent part as follows:

> Your Honor, as you know, he does have another case that the government will dismiss at the end of this hearing. We have stipulated to a recommendation of 120 months which results in a variance here. That is because we believe that he was an armed career under the other case. And given his history and characteristics under 3553(a), we do believe that this is a more appropriate result, especially when you look at the age of his record.

[Id. at 4]. The Government also asked the Court to impose a 120-month sentence pursuant to the parties' agreement, based on the Petitioner's record and the other relevant factors. [Id. at 12-13].

The Court accepted the parties' joint recommendation, sentenced Petitioner to 120 months' imprisonment, and dismissed Case No. 5:20-cr-34. [Id. at 13-14, 16; see CR Doc. 20 (Statement of Reasons)]. The Judgment was entered on April 5, 2022. [CR Doc. 19].

The Court appointed counsel to represent Petitioner on direct appeal. [See Fourth Cir. Case No. 22-4222, Doc. 5 (Appearance of Counsel)]. Counsel filed a brief arguing that Petitioner's sentence is unreasonable. [Id. at 12 (Opening Brief)]. The Fourth Circuit Court of Appeals found Petitioner's appellate waiver to be enforceable and dismissed the appeal on December 8, 2022, Case No. 22-4222.

Petitioner filed the instant pro se § 2255 Motion to Vacate on April 5, 2022.[2] [Doc. 1 at 12]. He raises the following claims *verbatim*:

1. 18 usc 3553
   The district court did not comply with 18 usc 3553 Conception v. united states June 27 2022 (a) Factors to be considered in imposing a sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. ?The court, in determining the particular sentence to be imposed, shall consider –
   (1)?the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2)?the need for the sentence imposed –
   (A)?to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)?to afford adequate deterrence to criminal conduct;
   (C)?to protect the public from further crimes of the defendant;?and

2. 18 usc 922g
   Under 18 U.S.C. 922g, the following people are prohibited from firearms possession under federal law: Anyone convicted in any court (not just federal court) of a crime carrying a sentence of imprisonment for more than one year. This is where the term "felon with a firearm" originates since a prison sentence of 1-plus years describes most felonies. However, this law also applies to you if you're convicted of a misdemeanor punishable by more than one year in jail.

3. 18 usc 922(d)(1)
   15a-245 basis for issuance of a search warrant duty of the issuing official (1) Affidavit; (2) Oral testimony under oath or affirmation before the issuing official; (3) Repealed by session laws 2021-47. Where is the affidavit of the officer that suppose to be file for the warrant. There where no affidavit attached to the warrant as you can see in 15a-245 there must be a affidavit

4. 18 USC 922J
   Requires proof that the defendant knew or had reasonable cause to believe that the firearm was stolen (1) What is the proof you used to show jahmean Glover knew the gun was stolen (2) Did jahmean Glover Admit he knew the gun was stolen and if so where is his written statement when jahmean glover sign a plea agreement his rights and liberty was violated

[Doc. 1 at 4, 5, 7, 8] (errors uncorrected).

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings). The Court did not receive the Motion to Vacate until December 14, 2023. [See Doc. 1-1].

The Government filed a Motion to Dismiss in which it argues that these claims are waived, procedurally defaulted, conclusory, and meritless. [Doc. 6]. The Court notified Petitioner of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 7]. Petitioner filed an "Affidavit of Truth" and a "Respond/ Respondent/ motion to set aside" on April 15 and 22, 2024,[3] respectively, opposing the Motion to Dismiss.[4] [Docs. 8, 10]. The Government has not filed a reply and the time to do so has expired.

On June 5, 2024, the Petitioner filed an Addendum[5] to the § 2255 Motion to Vacate in which he argues that his sentence was improperly enhanced based on felony convictions that he received when he was under the age of 18, and which are more than 15 years old. [CR Doc. 48]. The Court has determined that no supplemental response from the Government is required. These matters are ripe for disposition.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct

---

[3] The docketing date is used here because Petitioner does not certify the date on which he placed these documents in the prison mail system.

[4] The Petitioner attempts to raise new arguments in response to the Motion to Dismiss. [See, e.g., Doc. 8 at 1 (arguing that he "was not represented by counsel" when he pleaded guilty)]. These claims are not properly before the Court and they will, therefore, be dismissed. See generally Fed. R. Civ. P. 15 (addressing amendment); Rule 2, 28 U.S.C. foll. § 2255 (a motion to vacate must "specify all the grounds for relief available to the moving party," etc.). These new claims also appear to be time-barred. See 28 U.S.C. § 2255(f)(1); Clay v. United States, 537 U.S. 522 (2003); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Even if these claims were properly before the Court, they would be dismissed and denied for the reasons discussed in the Motion to Dismiss. [See Doc. 6 at 9-11].

[5] The Addendum is not verified, it is not on a § 2255 form, and it appears to be an attempt to amend the Motion to Vacate in a piecemeal fashion. See generally 28 U.S.C. foll. § 2255, Rule 2; Fed. R. Civ. P. 15. The Court declines to order the Petitioner to correct these deficiencies at this time because the Addendum would be dismissed and denied even if it were properly before the Court for the reasons discussed *infra*. The Addendum also appears to be time-barred, however, the Court declines to address the Addendum's timeliness sua sponte.

7

Case 5:23-cv-00199-KDB   Document 12   Filed 06/18/24   Page 7 of 14

the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**1. Motion to Vacate**

A knowing and voluntary guilty plea "constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, a petitioner may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). He is instead limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005). There is a "narrow class of claims" that may be raised despite a knowing and voluntary waiver, such as a sentence that exceeds the statutory maximum or that is based on an unconstitutionally impermissible factor such as race, or where a defendant has been wholly

8

Case 5:23-cv-00199-KDB   Document 12   Filed 06/18/24   Page 8 of 14

deprived of counsel at sentencing. See id. at 220 n.2.

Here, Petitioner's Motion to Vacate does not appear to challenge the voluntariness of his guilty plea, and he seeks only a sentence reduction.[6] Petitioner's present challenges to the validity of the search warrant, his statutory arguments, and his claims of insufficient evidence, are nonjurisdictional claims that were waived by Petitioner's knowing and voluntary guilty plea. See, e.g., Lurry v. United States, No. 3:23-cv-141-RJC, 2023 WL 4750820 (W.D.N.C. July 25, 2023) (nonjurisdictional Fourth Amendment claims were waived by knowing, voluntary guilty plea); Rambert-Hairston v. United States, 3:21-cv-138-RJC, 2021 WL 2110884 (W.D.N.C. May 25, 2021) (nonjurisdictional claims that there was insufficient evidence to support the plea and that the court did not hold the government to its burden of proof were waived by knowing, voluntary guilty plea). These claims, as well as his claim of sentencing error, are also barred by the enforceable post-conviction waiver that is included in his Plea Agreement. See Fourth Cir. Case No. 22-4222, Doc. 30 (finding Petitioner's appellate waiver to be enforceable); see also United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (barring "extraordinary circumstances, ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding"). None of Petitioner's present § 2255 claims allege ineffective assistance of counsel or prosecutorial misconduct that would be excepted from the waiver. Nor does the Petitioner identify any basis for setting aside the waiver such as a sentence that exceeds the statutory maximum. Accordingly, Petitioner's § 2255 claims are barred by his knowing and voluntary guilty plea and its valid and enforceable post-conviction waiver.

The Petitioner's § 2255 claims are also barred and procedurally defaulted because they were, or could have been, raised on direct appeal. Petitioner raised a sentencing claim on direct

---

[6] Had Petitioner timely presented a § 2255 claim that his plea was involuntary, it would be denied on the merits. [See CR Doc. 31; see also Doc. 6 at 9-11].

appeal and the Fourth Circuit found it to be barred by his appellate waiver as discussed *supra*. Petitioner cannot escape that conclusion by re-raising a sentencing claim in this § 2255 proceeding. See United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009). The claims that Petitioner did not raise on direct appeal are procedurally defaulted because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); see United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Liberally construing the Motion to Vacate, Petitioner appears to argue that his procedural default is excused because he was not represented by counsel on direct appeal. [See Doc. 1 at 6, 7, 9] (explaining that he did not raise these claims "because [he] didnt have a lawyer to file [his] appeal;" "no lawyer;" and "I did not have a lawyer and didnt no how to file for appeal") (errors uncorrected). This contention is conclusively refuted by the record and it is rejected. [See CR Doc.

28 (Order appointing counsel); Fourth Cir. Case No. 22-4222, Doc. 5 (Notice of Appearance)]; Fed. R. Ev. 201. Accordingly, Petitioner's claims are barred and procedurally defaulted from § 2255 review.

Even if the Petitioner's claims were not waived, barred, and procedurally defaulted, they would be denied. In Claims 1 through 3, Petitioner merely cites statutes and case law without explaining their legal significance or applicability to his case. These claims are subject to summary dismissal as facially insufficient.[7] See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court).

In Claim 4, it appears that Petitioner is attempting to challenge the sufficiency of the evidence that he knew that the firearm was stolen. [Doc. 1 at 8]. This claim is conclusively refuted by Petitioner's admission under oath at the Rule 11 hearing that he violated 922(j) by knowingly possessing a firearm that he knew or had reasonable cause to believe was stolen. [See CR Doc. 3 at 1; CR Doc. 31 at 11-12]. His present self-serving and unsupported contention to the contrary is rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). This claim would, therefore, be denied on the merits if it were not waived and barred from § 2255 review.

For the foregoing reasons, the claims raised in Petitioner's § 2255 Motion to Vacate are

---

[7] These claims also fail for the reasons discussed in the Motion to Dismiss. [See Doc. 6 at 9-11].

dismissed and denied.

**2. Addendum**

In his Addendum, the Petitioner appears to claim that convictions were improperly included in his criminal history because he received them when he was a minor, and they are more than 15 years old. [CR Doc. 48]. These claims of substantive error are barred by the post-conviction waiver in Petitioner's Plea Agreement. See Section 1, *supra*. Moreover, a sentencing error is not cognizable on § 2255 review unless it is constitutional, jurisdictional, or amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). Barring "extraordinary circumstances, ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) ("misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."). This includes a career offender designation that is applied under an advisory guideline scheme. See United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). Petitioner's claims of sentencing calculation error are not cognizable in this § 2255 proceeding and are also subject to dismissal on that basis.

Even if Petitioner's sentencing calculation claims were properly before the Court, they would be denied on the merits. The Guidelines provide that:

> If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence…. In any other case, add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense…. [and]
>
> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one

12

Case 5:23-cv-00199-KDB    Document 12    Filed 06/18/24    Page 12 of 14

year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period….

U.S.S.G. § 4A1.2(d)(1), (e)(1) (2021).

Here, Petitioner was scored three points each for 1996 convictions that he received when he was 19 years old, and two points for a 2000 conviction that he received when he was 23 years old. His contention that he was scored points for convictions that he received as a youthful offender under the age of 18 is conclusively refuted by the record and is rejected. See U.S.S.G. § 4A1.2(d)(1).

Petitioner's contention that he was scored criminal history points for convictions that are more than 15 years old is also mistaken. The 1996 convictions were properly scored because Petitioner was incarcerated for them during the 15 year-period that preceded the instant October 11, 2019 offense. See U.S.S.G. § 4A1.2(e)(1). In Case No. 96CRS20427, Petitioner was released on June 14, 2017, less than three years before the instant offense commenced on October 11, 2019. [CR Doc. 16 at ¶ 32]. In Case No. 96CRS20428, Petitioner was sentenced to 103 to 133 months' imprisonment beginning on February 25, 1998, with 187 days of jail credit. [Id. at ¶ 33]. His release date would have been around March 22, 2006, approximately thirteen years and six months before the instant offense commenced. In Case No. 00CRS8617, the sentence of 12 to 15 months' imprisonment began on June 14, 2017, less than three years before the instant offense commenced.

As such, all three of Petitioner's prior convictions were correctly scored and, even if the Petitioner's claims of criminal history calculation error were properly before the Court, they would be denied on the merits.

**IV. CONCLUSION**

For the foregoing reasons, the United States of America's Motion to Dismiss is granted, and the Petitioner's Motion to Vacate and Addendum are dismissed and denied.

13

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The United States of America's Motion to Dismiss [Doc. 6] is **GRANTED**.

2. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED AND DENIED**.

3. Petitioner's Letter [CR Doc. 48] is construed as an Addendum to the § 2255 Motion to Vacate and it is **DISMISSED AND DENIED**. The Clerk is instructed to docket the Addendum in Civil Case No. 5:23-cv-199-KDB, and to update the criminal docket accordingly.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 18, 2024

Kenneth D. Bell
United States District Judge