UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-199-KDB
5:21-cr-79-KDB-DCK-1

| | |
|---|---|
| JAHMEAN AQUIL GLOVER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>) **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | |

**THIS MATTER** is before the Court on the pro se Petitioner's Motion for Relief from Judgment Under Rule 60(b) [Doc. 14].

In the underlying criminal case, Petitioner pleaded guilty to a single count of knowing possession of a stolen firearm in violation of 18 U.S.C. § 922(j), in exchange for the Government's dismissal of Case No. 5:20-cr-34-KDB-DSC-1 in which he was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). [5:21-cr-79 ("CR") Doc. 2; 5:20-cr-34 Doc. 1]. The Court sentenced the Petitioner above the advisory guideline range to 120-months' imprisonment, as jointly recommended by the parties, after considering the relevant circumstances. [CR Docs. 19, 20, 32]. The Fourth Circuit Court of Appeals dismissed Petitioner's direct appeal as barred by Petitioner's appellate waiver, Case No. 22-4222.

The Petitioner then filed the § 2255 Motion to Vacate generally challenging § 922(g) and arguing that there was insufficient proof that he knew the firearm was stolen under § 922(j). [Doc. 1]. In an Addendum, he additionally argued that his sentence was improperly enhanced based on prior non-qualifying felony convictions. [Doc. 48]. The Government moved to dismiss the Motion

1

to Vacate. [Doc. 6].

On June 18, 2024, the Court dismissed and denied the § 2255 Motion to Vacate and the Addendum. [Doc. 12]. It found that the claims raised in the § 2255 Motion to Vacate were: waived by Petitioner's knowing and voluntary guilty plea; procedurally defaulted from post-conviction review; too vague and conclusory to support relief; and meritless; and that the claims raised in the Addendum were: barred by the post-conviction waiver in Petitioner's Plea Agreement; non-cognizable sentencing claims; and meritless.

On January 3, 2025,[1] the Petitioner filed the instant Motion in which he seeks relief from the October 11, 2019 "Judgment"[2] pursuant to Rule 60(b)(1) and (6). [Doc. 14]. He argues that: the defective warrant and illegal search on October 11, 2019 violated his Fourth Amendment rights; counsel was ineffective for failing to challenge the defective warrant and illegal search; and § 922(g)(1) is unconstitutional as applied to him because he is a non-violent offender, pursuant to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). He asks the Court to vacate the October 11 "Judgment," to order a new trial, to declare § 922(g)(1) unconstitutional as applied to him, to vacate the related conviction,[3] and to grant any other relief it deems just and proper. [Doc. 14 at 2-3].

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] The Motion is dated December 27, 2024, however, the Court relies on the docketing date here because the Petitioner did not certify the date upon which he placed the Motion in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

[2] October 11, 2019 is the date on which law enforcement officers executed a search warrant of Petitioner's residence, and seized items including a stolen firearm. [See CR Doc. 13 at ¶ 13].

[3] As noted *supra*, the Petitioner was not convicted of violating § 922(g).

2

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion,[4] that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.

---

[4] A Motion pursuant to Rule 60(b)(6) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c). The Court assumes *arguendo* that the Motion is timely.

United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Here, the Petitioner seeks to challenge a search warrant and the seizure of items pursuant to that warrant including a firearm on October 11, 2019, which gave rise to his criminal charges. The events of October 11 are not a civil "Judgment" to which Rule 60 applies and the Motion is, therefore, denied. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in United States district courts….") (emphasis added); United States v. Sherman, 541 F. App'x 281 (4th Cir. 2011) (affirming the summary denial of a Rule 60(b)(5) motion asking the court to reconsider the length of his criminal sentence "[b]ecause the Federal Rules of Civil Procedure do not apply to [the] criminal matter…."); see also United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (recognizing that Rule 60(b) applies to § 2255 proceedings to the extent that such is not inconsistent with applicable statutory provisions and rules).

Even if the Motion is construed as a challenge to the Court's June 18, 2024 Order denying the § 2255 Motion to Vacate and Addendum, the Motion fails because the Petitioner does not

4

identify any defect in the collateral review process. See McRae, 793 F.3d at 397. Instead, he attempts to assert new § 2255 claims. In short, it appears that the Petitioner is attempting to file an unauthorized second or successive § 2255 petition. The Motion is, therefore, alternatively dismissed for lack of jurisdiction. See Winestock, 340 F.3d at 207; McRae, 793 F.3d at 397 (the Fourth Circuit may review a district court's determination treating a Rule 60(b) motion as a successive habeas petition without a certificate of appealability).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Relief from Judgment Under Rule 60(b) [Doc. 14] is **DISMISSED AND DENIED**.

Signed: January 7, 2025

Kenneth D. Bell
United States District Judge